IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KOBBY GRANT                        *
                                   *
v.                                 *
                                   *    Civil Action No. WMN-09-2251
UNITED STATES CITIZENSHIP AND      *
IMMIGRATION SERVICE, <u>et al.</u>        *
                                   *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

**<u>MEMORANDUM</u>**

Before the Court is Defendants' Motion to Dismiss, filed
February 17, 2010.  Paper No. 10.  On February 23, 2010, the
Clerk of the Court sent a letter to Plaintiff explaining that a
motion had been filed in his case that, if not timely and
properly responded to, could result in his case being dismissed
without further notice.  Paper No. 12.  Plaintiff was instructed
that his response was due within 17 days of the date of that
letter.  Notwithstanding that notice, Plaintiff has failed to
file any response to the motion.  The motion is therefore ripe.
Upon a review of the motion and the applicable case law, the
Court determines that it should be granted in part and denied in
part.

Plaintiff filed this suit challenging the denial of his
petition requesting that his mother be given "alien-relative
status" based upon his status as a naturalized United States
citizen.  This petition, referred to as a "Form I-130," was
denied on the ground that a previous Form I-130, filed by his

mother's husband, was denied on the ground that it was premised

on a "sham marriage."  Plaintiff's Complaint appears to be

challenging this denial as well.  As relief in this suit,

Plaintiff seeks an injunction ordering the immediate approval of

his I-130 petition as well as $1,000,000 in damages for the

emotional trauma suffered as a result of the "[d]eliberate

withholding of overdue immigration benefit."  Compl. at 4.

As to the first I-130 petition filed by the husband of

Plaintiff's mother, Plaintiff has no standing to seek review of

its denial.  Courts have generally held that only the petitioner

can appeal a decision on a visa petition.  Joseph v. Landon, 679

F.2d 113 (7th Cir. 1982); but see, Setharatsomphou v. Reno, No.

98-7076, 1999 WL 755292 (N.D. Ill. Sept. 27, 1999) (opining that

the beneficiary of a petition might also have standing to

appeal).  Regardless, even if Plaintiff did have standing, that

first petition was withdrawn after it was remanded from the

Board of Immigration Appeals (BIA).[1]  Compl. at 3.

As to the petition filed by Plaintiff, the government

argues that because the petition was denied based upon a finding

of a sham marriage under 8 U.S.C. § 1154(c), and because

---

[1] The BIA remanded based upon the lengthy delay between the
initial decision and the BIA's receipt of the record.  Defs.'
Ex. 2.  The BIA remanded with instructions that the Department
of Homeland Security (DHS) afford the parties an opportunity to
update the record with relevant information pertaining to the
beneficiary's eligibility for a visa and make a new
determination.  Id.

decisions under § 1154(c) are discretionary and not reviewable under 8 U.S.C. § 1252(a)(2)(B)(ii),[2] this Court has no jurisdiction to review the decision. Mot. at 7-8 (citing Ginters v. Cangemi, 419 F. Supp. 2d 1124, 1130 (D. Minn. 2006)). The Court disagrees with the government's reasoning. While there is some support for the conclusion that decisions made under § 1154(c) are unreviewable in the district court, the better reasoned decisions have held that they are. See, e.g., Ayanbadejo v. Chertoff, 517 F.3d 273 (5th Cir. 2008) (holding that "[d]eterminations regarding the validity of marriage for I-130 petition purposes are not discretionary within the meaning of § 1252(a)(2)(B), and thus are subject to review by courts"); Ruiz v. Mukasey, 552 F.3d 269 (2nd Cir. 2009) (same). As this lack of jurisdiction to review argument was the only argument put forward by the government as to Plaintiff's petition, the Court will not dismiss the Complaint at this time.[3]

_____

[2] That section provides that courts lack jurisdiction over "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security."

[3] The Court notes that there is nothing in the record to indicate that Plaintiff filed an appeal of the decision denying his petition with the Board of Immigration Appeals (BIA). That might be a potential ground for dismissal of Plaintiff's challenge of that decision. See Grullon v. Mukasey, 509 F.3d 107, 112 (2nd Cir. 2007) (first filing appeal to the BIA is jurisdictional requirement to filing suit in district court).

The Court notes that Plaintiff's claim for monetary damages is barred by the doctrine of sovereign immunity. Although a limited waiver of that immunity is available under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq., the record reveals that Plaintiff never presented his claim to the appropriate administrative agency for review, as he would have been required to do under the FTCA. See Def.'s Ex. 5. Thus, Plaintiff's claim for monetary damages cannot be brought to the Court. Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994).

While the Court concludes that the government has not provided grounds to dismiss Plaintiff's Complaint in its entirety, the Court is concerned that Plaintiff failed to respond to the motion to dismiss after being instructed to do so. This raises the question whether Plaintiff intends to pursue this suit. Accordingly, the Court will order Plaintiff to file a notice of intent to proceed with this action. If such a notice is not filed within ten days of the date of this order, the action will be dismissed. A separate order will issue.

_____/s/_____<br>
William M. Nickerson<br>
Senior United States District Judge

DATED: August 11, 2010

---

That issue was not raised by the government and the Court declines to address it sua sponte.